RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6 / 16 /14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RICKY LEWIS (#569393) | DOCKET NO. 1:14-CV-517; SEC. P |
| VERSUS | JUDGE TRIMBLE |
| WARDEN | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se petitioner Ricky Lewis is an inmate in the custody of Louisiana's Department of Public Safety and Corrections, incarcerated at the David Wade Correctional Center in Homer, Louisiana. He filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on March 10, 2014. Petitioner attacks his 2010 conviction and sentence for forcible rape and aggravated incest in the Ninth Judicial District Court, Rapides Parish, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. §636 and the standing orders of the Court.

*Procedural History*

On March 2, 2010, Petitioner entered an Alford plea to forcible rape and aggravated incest. On March 29, 2010, the defendant filed a motion to withdraw his guilty plea. A hearing was held on May 24, 2010, and written reasons for judgment were issued on July 26, 2010, specifically finding that the guilty plea was knowing and voluntary. See State v. R.A.L., 69 So.2d 704, 2010-1475 (La.App. 3 Cir. 2011). The appellate court found no

abuse of the trial court's discretion in denying Lewis's Motion to Withdraw Guilty Plea, and it affirmed his convictions. It found that Lewis's twenty-five year sentence for aggravated incest exceeded the sentencing range in effect at the time of the offense. Therefore, the appellate court vacated the aggravated incest sentence and re-sentenced Petitioner to five years at hard labor for that offense, to run concurrently with the twenty-five year sentence imposed for forcible rape. Id. Lewis did not seek further review in the Louisiana Supreme Court. Thus, his sentence became final on or about July 29, 2011.

Petitioner states that he filed an application for post-conviction relief in the Ninth Judicial District Court on November 12, 3012, which was denied on November 15, 2013. [Doc. #1, p.5] Writs were denied by the Third Circuit Court of Appeal, Docket No. KH 13-0074, and the Louisiana Supreme Court, 2013-KH-1722. State ex rel. Lewis v. State, 132 So.3d 403, 2013-1722 (La. 2/14/14).

### *Law and Analysis*

Title 28 U.S.C. §2244(d)(1)(A) was amended by the AEDPA to provide a **one year** statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitations period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C.

§2244(d)(1)(A). Federal courts may raise the one-year time limitation *sua sponte*. See <u>Kiser v. Johnson</u>, 163 F.3d 326 (5th Cir. 1999).

Petitioner's convictions were affirmed by the appellate court on June 29, 2011, and he did not seek further review in the Louisiana Supreme Court. See <u>State v. R.A.L.</u>, 69 So.2d 704, 2010-1475 (La.App. 3 Cir. 2011). Thus, for purposes of the AEDPA, his conviction became final by the expiration of the time for seeking direct review, or thirty days following June 29, 2011, on or about July 29, 2011. Under 28 U.S.C. §2244(d)(1), Petitioner had one year, until on or about July 29, 2012, to file his federal *habeas* petition in this Court.

28 U.S.C. §2244(d)(2) contains a statutory tolling provision providing that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period. See <u>Ott v. Johnson</u>, 192 F.3d 510, 512 (5th Cir. 1999); <u>Fields v. Johnson</u>, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). **However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period**. See <u>Villegas v. Johnson</u>, 184 F.3d 467 (5th Cir. 1999), citing <u>Flanagan v. Johnson</u>, 154 F.3d 196, 197 (5th Cir. 1998). Petitioner's first collateral attack in the state court was not filed until November 13, 2012, so the lapse of time prior to that date is counted toward

3

the AEDPA limitations period. Neither Lewis's application for post-conviction relief, nor any of his subsequent filings in the Ninth Judicial District Court, the Third Circuit Court of Appeals or the Louisiana Supreme Court could operate to toll the AEDPA limitations period. Thus, the one year limitations period expired prior to Petitioner seeking post-conviction relief in state court.

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999)(quotation marks omitted). The Supreme Court has noted, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently', and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007)(quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.1999) (citing Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir.1991)). Nothing of record supports equitable tolling of the

statute of limitations in the instant case. The petitioner has not alleged that he was actively misled by the state of Louisiana; nor has he alleged that he was prevented in some extraordinary way from asserting his rights by timely filing his habeas claims. He acknowledges that he did not file any documents until November 2012, and there were no extraordinary circumstances that prevented him from raising his post-conviction claims any sooner.

Because a period of more than twelve un-tolled months lapsed between the date that Petitioner's conviction became final and the date that his federal suit was filed, and he has not shown that he is entitled to equitable tolling, his *habeas* claims are barred by the timeliness provisions codified at 28 U.S.C. § 2244(d).

**For the forgoing reasons, IT IS RECOMMENDED** that this petition for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE** as time-barred.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and **Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge**

is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. §2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 16th day of June, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE